IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN JEFFREY, JR., | No. C 10-01114 CW |
| | CR 04-40154 CW |
| Movant, | |
| | ORDER DENYING |
| v. | MOVANT'S MOTION |
| | UNDER 28 U.S.C. |
| UNITED STATES OF AMERICA, | § 2255 TO VACATE, |
| | SET ASIDE, OR |
| Respondent. | CORRECT SENTENCE |
| _____/ | (Docket No. 73) |

Movant Marvin Jeffrey, a federal inmate at the United States Penitentiary in Atlanta, Georgia, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent opposes the motion, asserting that it is barred by the statute of limitations and that Movant is not entitled to relief on the merits. The motion was taken under submission on the papers. After considering all the papers filed by the parties, the Court DENIES the motion.

BACKGROUND

On September 27, 2004, pursuant to a plea agreement, Movant plead guilty to two counts under 18 U.S.C. §§ 1349 and 1344, for conspiracy to commit bank fraud and executing a plan or scheme to defraud a financial institution with false pretenses. In the agreement, Movant agreed to waive his right to file a collateral attack against his convictions or sentence, including a motion under § 2255, except for a claim of ineffective assistance of

counsel.  Plea Agreement ¶ 5.

The Amended Presentence Investigation Report (PSR) recommended that Movant be classified in Criminal History Category V and the offense level at 34, which included a four-level increase for an offense involving fifty or more victims and a three-level increase based on Movant's managerial role in the offense.  This placed Movant's advisory sentencing guideline range at 235-293 months.  The probation officer recommended a sentence of 264 months.  The government agreed with the PSR, but requested a downward departure to 212 months based on various factors.  In his sentencing memorandum, Movant requested a further reduction to 103 months, arguing for an offense level of 26 and a criminal history category of IV.[1]

At the May 14, 2008 sentencing hearing, the Court determined that Movant's offense level was 28, his criminal history category was V and his guideline range was 130-162 months.[2]  This included the four-level increase for number of victims and a three-level reduction based on Movant's acceptance of responsibility, and excluded the PSR's recommendation for a three-level increase based on Movant's managerial role in the offense.  The Court further departed downward from the advisory guideline range based on other considerations, including the 28 U.S.C. § 3353 factors.  The Court

---

[1] Movant appears to have miscalculated the offense level in his sentencing memorandum.  He objected to the PSR based on its three-level enhancement for a managerial role in the offense and requested a three level reduction for acceptance of responsibility.  This would place the offense level at 28, not 26.

[2] Movant erroneously states that the Court determined that his offense level was 26.

2

sentenced Movant to 108 months.

In his motion, Movant argues that his counsel was ineffective for failing to object to the U.S.S.G. § 1B1.1(b)(2)(B) enhancement that increased his offense level by four levels based on a determination that the offense involved fifty or more victims. Without the enhancement, his total offense level would be 24 and his advisory guideline range would be 92-115 months.[3]

## LEGAL STANDARD

A prisoner, in custody under sentence of a federal court, making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  Under 28 U.S.C. § 2255, a federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).

## DISCUSSION

I. Timeliness

Respondent argues that Movant is not entitled to relief because his claim is barred by the statute of limitations.

A motion under § 2255 must be filed within one year of the latest of the date on which: (1) the judgment of conviction became

---

[3] Because Petitioner believes the Court placed his offense level at 26, he mistakenly argues that he deserves an offense level of 22 with a criminal history category of V.

3

final; (2) an impediment to making a motion created by governmental action was removed, if such action prevented the petitioner from making a motion; (3) the right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

A federal prisoner's judgment becomes final for purposes of the one year statute of limitations when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition of certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987).

The statute of limitations in § 2255 is subject to equitable tolling.  United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004).  Equitable tolling is available only when "extraordinary circumstances beyond the prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the untimeliness."  Id. at 1197 (citing Laws v. LaMarque, 351 F.3d 919, 922 (9th Cir. 2003)).  The prisoner bears the burden of showing that this "extraordinary exclusion" should apply to him.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, Movant does not allege an impediment created by government action, nor do his claims depend on a newly recognized right or on facts that could not have been discovered, with

4

reasonable due diligence, at the time of sentencing. Therefore, under the first prong of § 2255(f), the one-year statute of limitations for Movant's claim began to run at the time his sentence became final. Movant was sentenced on May 14, 2008, and judgment was entered on May 16, 2008. Because Movant did not appeal, the judgment became final ten days from the entry of judgment, pursuant to Federal Rule of Appellate Procedure 4(b).[4] Thus, the judgment became final on May 26, 2008. Movant's § 2255 motion was filed on March 15, 2010, more than six months beyond the statutory deadline.

Movant claims under penalty of perjury that he placed his motion in the prison mailing system on May 11, 2009, and that it is therefore timely filed. That motion was never received by the Court. Assuming without deciding that Movant placed the motion in the prison mailing system in a timely manner, the Court will evaluate Movant's motion on the merits.

II. Ineffective Assistance of Counsel

Movant argues that his counsel was ineffective because she failed to object to the four-level enhancement under U.S.S.G. § 1B1.1(b)(2)(B) at sentencing. Movant contends that application of the enhancement was erroneous because there were less than fifty victims, and asserts that individual account holders do not qualify as victims when they do not sustain any part of the actual loss and their losses are not included in the loss calculation. To support his assertions, Movant cites two cases in his supplemental brief,

---

[4] Effective December 1, 2009, the ten-day filing period was changed to a fourteen day period.

5

United States v. Pham, 545 F.3d 712, 720 (9th Cir. 2008), and United States v. Armstead, 552 F.3d 769, 780-83 (9th Cir. 2008), both issued after his May 14, 2008 sentencing.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Id.

To prevail under Strickland, a movant must pass a two-prong test. First, the movant must show that counsel's performance was deficient in a way that falls below an objectively reasonable standard. Id. at 687-88. Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689; Wildman v. Johnson, 261 F.3d 832, 838 (9th Cir. 2001).

Second, the movant must show that such deficiency prejudiced him, which requires a showing that counsel's unprofessional errors were so serious that, but for these errors, there is a reasonable probability that the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is unnecessary for a federal court considering an ineffective assistance of counsel claim to address the prejudice

6

prong of the Strickland test if the movant cannot establish incompetence under the first prong.  Siripongs v. Calderon, 133 F.3d 732, 737 (9th Cir. 1998).

Here, the record does not show that counsel's performance was deficient.  Movant sought a sentence of 103 months and was sentenced to 108 months, which was a significant reduction from the 264 months recommended by the probation officer and the 212 months recommended by the government.

Furthermore, Movant was sentenced on May 14, 2008; Armstead was decided on October 15, 2008 and Pham was decided on September 23, 2008.  Counsel could not reasonably be expected to know of case law decided after the date of Movant's sentencing.  Therefore, Movant's argument does not support a claim that his counsel's performance was deficient.

Although failure to establish the first prong of the Strickland test is sufficient for denial of Movant's motion, he also fails to meet the second prong of Strickland.  He is unable to show a reasonable probability of a better result had counsel objected to the four level enhancement under U.S.S.G. § 1B1.1(b)(2)(B).  Movant's sentence of 108 months was based on downward departure and is within the advisory guideline range that he now seeks under his § 2255 motion.

The Court imposed the sentence it viewed as reasonable, considering all of the appropriate factors at issue.  Movant's sentence was substantially below the guidelines, and would not have been lower even if the multiple victim enhancement had not applied.

7

1  Movant fails to establish ineffective counsel under either of
2 the <u>Strickland</u> factors and his claim for relief is denied.
3                              CONCLUSION
4  For the foregoing reasons, Movant's § 2255 motion (Docket
5 No. 73) is DENIED.
6
7  IT IS SO ORDERED.
8 Dated: <u>11/24/2010</u>          
                                   CLAUDIA WILKEN
9                                  United States District Judge

8